1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

JIMMIE L. CARTER,

     Petitioner,

13

14

CONNIE GIPSON, CDCR Dir.,

15

    Respondent.

16

17

NO. CV 22-4775-AB (AGR)

**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED**

18
19
20

Petitioner has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)[1]  The Petition appears moot and barred by the statute of limitations.

21
22
23

Therefore, the court orders Petitioner to show cause in writing, on or before *March 8, 2024*, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus as moot or barred by the statute of limitations

24
25
26
27
28

---

[1]  Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

**I.**

**PROCEDURAL HISTORY**

The Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California[2] and the available state court records.  *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

On November 9, 2011, a Los Angeles County Superior Court jury found Petitioner guilty of robbery (Cal. Penal Code § 211) and found true that the principal in the robbery was armed with a firearm (Cal. Penal Code § 12022(a)(1)).  (*See People v. Carter*, 2013 WL 98534, *1 (Cal. App. 2013); https://www.lacourt.org/criminalcasesummary (Case No. MA052761).)  In a bench trial, the court determined that Petitioner previously suffered a 1998 robbery conviction.  (*See Carter*, 2013 WL 98534, *1.)  On December 30, 2011, the trial court sentenced Petitioner to state prison for a total term of 17 years. (*Id*.)  The California Court of Appeal affirmed in an unpublished opinion.  *People v. Carter*, 2013 Cal. App. Unpub. LEXIS 164 (2013).

On January 6, 2021, the Superior Court re-sentenced Petitioner to a total term of 16 years in state prison.  (Petition at 2); (*See* https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (Case No. MA052761).)  The Petition does not indicate that Petitioner appealed.

Petitioner constructively filed the underlying Petition on July 6, 2022.  (Dkt. No. 1 at 8, 20.)  The Petition contains a single ground for relief challenging Petitioner's sentence.

---

[2]  *Carter v. Grounds*, CV 14-3238 RZ (C.D. Cal.) ("*Carter I*").  The District Court denied the Petition for Writ of Habeas Corpus and denied a certificate of appealability.  (Dkt. No. 25-27.)  The Ninth Circuit denied a certificate of appealability.  (Dkt. No. 35.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the petition.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

**A.    Sentencing on January 6, 2021**

The Petition acknowledges that Petitioner was resentenced on January 6, 2021 to 16 years in prison.  (Petition, Dkt. No. 1 at 2.)

Nevertheless, the Petition contains only one ground for relief that challenges various aspects of the sentencing before a different judge on December 30, 2011.  (*Id.* at 5.)   Petitioner asks that the court remand his case for resentencing, which appears to have occurred already on January 6, 2021. (*Id.* at 17.)

According to the Superior Court's website,[3] Petitioner was sentenced on January 6, 2021 to 16 years in prison.  The 16-year term consists of the following components: (1) the upper term of 5 years for conviction after jury trial for second degree robbery; (2) doubled (5 + 5) for an aggregate of 10 years based on a prior 1998 robbery conviction pursuant to Cal. Penal Code §§ 667(b)-(i) and 1170.12(a)-(e); (3) a consecutive 1-year term pursuant to Cal. Penal Code § 12022(a)(1); and (4) a consecutive 5-year term pursuant to Cal. Penal Code § 667(a).

The Petition does not challenge the January 6, 2021 sentencing and, therefore, appears to be moot.

**B.    Timeliness**

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a

---

[3] *See* https://www.lacourt.org/criminalcasesummary (Case No. MA052761).

3

1  judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

2  running on the latest of either the date when a conviction becomes final under 28

3  U.S.C. § 2244(d)(1)(A) or on a date set in section 2244(d)(1)(B)-(D).  The statute

4  of limitations applies to each claim on an individual basis.  *See Mardesich v.*

5  *Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

6  **1.     The Date on Which Conviction Became Final**

7  Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date

8  on which the judgment became final by the conclusion of direct review or the

9  expiration of the time for seeking direct review.

10  The Superior Court resentenced Petitioner on January 6, 2021.  Petitioner's

11  conviction became final 60 days later  – on March 8, 2021 – when the time for

12  filing a notice of appeal expired.  *See People v. Alexander*, 45 Cal. App. 5th 341,

13  344-45 (2020); Cal. Rules of Court, Rule 8.308(a) (providing defendant has 60

14  days to appeal).  Absent tolling, the statute of limitations expired one year later on

15  March 8, 2022.

16  Petitioner constructively filed this Petition on July 6, 2022, approximately

17  four months later.  Accordingly, absent a showing that the accrual date was

18  delayed or the limitations period was tolled, the Petition is untimely.

19  **2.     Delayed Accrual – § 2244(d)(1)(D)**

20  Under § 2244(d)(1)(D), the limitations period starts running on "the date on

21  which the factual predicate of the claim or claims presented could have been

22  discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

23  The "'due diligence' clock starts ticking when a person knows or through diligence

24  could discover the vital facts, regardless of when their legal significance is

25  actually discovered."  *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

26  Petitioner has not argued that he is entitled to a later start date than the

27  date his conviction and sentence became final, and the court sees no basis for

28  delayed accrual.

1

### 3.   Statutory Tolling

2    Generally, the statute of limitations is tolled during the time "a properly filed

3 application for State post-conviction or other collateral review with respect to the

4 pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Waldrip v.*

5 *Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  However, once the limitation period has

6 expired, later-filed state habeas petitions do not toll the limitation period.  *See*

7 *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

8    Petitioner did not file any state court habeas petition after the sentence

9 imposed on January 6, 2021 became final.  (*See*

10 https://appellatecases.courtinfo.ca.gov.)  Accordingly, the Petition is untimely

11 unless Petitioner can demonstrate that he is entitled to equitable tolling.

12

### 4.   Equitable Tolling

13    A prisoner who files a federal habeas petition after expiration of the

14 one-year statute of limitations may be entitled to equitable tolling.  *See Holland v.*

15 *Florida*, 560 U.S. 631, 649 (2010).  The petitioner must show "'(1) that he has

16 been pursuing his rights diligently, and (2) that some extraordinary circumstance

17 stood in his way' and prevented timely filing."  *Id*. (citation omitted).  The diligence

18 required for equitable tolling is "'reasonable diligence'" and not maximum feasible

19 diligence.  *Id.* at 653 (citation omitted).  To show an extraordinary circumstance, a

20 petitioner must show more than garden variety attorney negligence.  *Id.* at 652-53

21 (noting that attorney abandonment may satisfy standard).  The extraordinary

22 circumstances must be the cause of the untimeliness.  *Bryant v. Ariz. Att'y Gen.*,

23 499 F.3d 1056, 1061 (9th Cir. 2010).  "Indeed, the threshold necessary to trigger

24 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the

25 rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation

26 marks and citation omitted).

27    Petitioner has not shown reasonable diligence in pursuing his rights or an

28 extraordinary circumstance that caused his untimeliness.  Absent a basis for

1   equitable tolling, the Petition remains untimely.

2        **5.   Actual Innocence**

3        Actual innocence "serves as a gateway through which a petitioner may

4   pass" a statute of limitations impediment. *McQuiggin v. Perkins*, 569 U.S. 383,

5   386 (2013). "[A] petitioner does not meet the threshold requirement unless he

6   persuades the district court that, in light of the new evidence, no juror, acting

7   reasonably, would have voted to find him guilty beyond a reasonable doubt*." Id*.

8   (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

9        To be credible, Petitioner must support his claim of actual innocence with

10   "new *reliable* evidence–whether it be exculpatory scientific evidence, trustworthy

11   eyewitness accounts, or critical physical evidence–that was not presented at

12   trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324)

13   (emphasis in original). Based on all the evidence, both old and new, "the court

14   must make 'a probabilistic determination about what reasonable, properly

15   instructed jurors would do.'" *Id*. at 538 (citation omitted). "The court's function is

16   not to make an independent factual determination about what likely occurred, but

17   rather to assess the likely impact of the evidence on reasonable jurors." *Id*.

18        Petitioner attaches a declaration dated October 26, 2017 from Wayne

19   Jones, Petitioner's co-defendant before Jones entered a plea of nolo contendere.

20   The declaration does not satisfy Petitioner's burden.

21        On direct appeal, the California Court of Appeal set forth the following facts:

22             [¶]  The evidence at trial established that

23             [Petitioner] and Wayne Jones committed a robbery at

24             Camacho Auto Sales in Lancaster on May 7, 2011.  That

25             day, [Petitioner], who had recently purchased a car from

26             the business, came to the establishment to make a

27             payment on his car.  After he left, Jones entered, and

28             pointing a gun at the receptionist, took between $800 and

1    $1000.  As the robbery took place, [Petitioner] circled the

2    area in his car several times.  After taking the money,

3    Jones exited and entered the passenger side of

4    [Petitioner's] car which drove off.  All of these events

5    were videotaped.

6    [¶] Several days later, law enforcement arrested

7    [Petitioner] and Jones in [Petitioner's] car.  The car was

8    eventually taken to one of Camacho's lots.

9    Subsequently, two Camacho Auto Sales employees (a

10    licensed recovery agent and a repossession agent)

11    searched the car and found, hidden in the back of the

12    passenger seat, the gun Jones had used in the robbery.

13    *Carter*, 2013 Cal. App. Unpub. LEXIS 164, at *1-*2 (footnote omitted).

14    The 2017 declaration from Jones is dated over six years after the robbery

15    and over 4½ years before Petitioner constructively filed the Petition in this court.

16    Mr. Jones declared that he committed robbery at Camacho Auto Sales on May 7,

17    2011.  He was not "influenced or coerced by anybody else."  He "acted alone in

18    the matter" and Petitioner "was not involved in and did not participate in any way."

19    (Dkt. No. 1 at 19.)

20    Petitioner has not shown that, in light of the old and new evidence, no

21    reasonable juror would have voted to find him guilty beyond a reasonable doubt.

22    Mr. Jones' declaration is wholly conclusory and does not undermine the

23    videotaped evidence of Petitioner driving around the business while Jones

24    robbed it and of Jones getting into the passenger side of Petitioner's car after

25    leaving with the money.  Nor does Mr. Jones' declaration undermine the evidence

26    that the gun used in the robbery was found hidden in Petitioner's car.  Rather,

27    Jones' declaration is consistent with the evidence that Jones was alone when he

28    entered Camacho Auto Sales, pointed a gun at the receptionist, and took

1  between $800 and $1000.

2  ### III.

3  ### **ORDER**

4  The court orders Petitioner to show cause, in writing, on or before ***March 8,***

5  ***2024***, why the court should not recommend dismissal of the Petition for Writ of

6  Habeas Corpus as moot or barred by the statute of limitations.  If Petitioner does

7  not respond to this Order to Show Cause, the court will recommend that the

8  District Court dismiss the Petition.

9

10

11

12

13  DATED: February 5, 2024

ALICIA G. ROSENBERG
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28